IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROOSEVELT CAYMAN ASSET COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JORGE LUIS OQUENDO-ROBLES, ET AL.,<br><br>Defendant. | CIV. NO.: 15-1268 (SCC) |

**ORDER**

Before the court is plaintiff Roosevelt Cayman Asset company's ("Roosevelt") unopposed Motion for Summary Judgment. For the reasons stated herein, the motion is granted.

**I. Background**

This summary of the facts is taken from plaintiff's Memorandum of Law.[1] See Docket No. 31.

---

1. Local Rule 56 requires parties at summary judgment to supply brief, numbered statements of facts, supported by citations to admissible evidence.

ROOSEVELT CAYMAN V. OQUENDO-ROBLES                              Page 2

On July 12, 2001, defendants received a mortgage loan from Doral Bank, which repayment was guaranteed by a mortgage note in the amount of $114,660.00. Docket No. 31-5.

As guarantee for the repayment obligations, Defendants also executed a mortgage deed No. 271, before Notary Public Pedro A. López Villafañe, in favor of Doral Bank. Docket No. 31-6.

The note was secured by a property located in Juncos, and described in the Spanish language as follows:

> RUSTICA: Solar número seis (6). Predio de terreno radicado en el barrio Ceiba Sur del término municipal de Juncos, Puerto Rico, con una cabida superficial de mil cero veinte punto tres mil ochocientos treinta y cinco metros cuadrados (1020.3835 mc), equivalentes a cero punto dos mil quinientos noventa y seis (0.2596) cuerdas; en lindes por el NORTE, en distancia de veintitrés punto ochocientos noventa y ocho metros (23.898 m)y en veinticinco punto cuatrocientos treinta y nueve metros (25.439 m) con los lotes cuatro (4) y cinco (5)del plano; por el ESTE, en veinte punto seiscientos cuarenta y ocho metros (20.648m) con faja "B" camino dedicado a uso público; por el SUR, en distancia de veinticuatro punto seiscientos cuarenta y ocho metros (24.648 m) y veinticuatro punto seiscientos

>cuarenta y ocho metros (24.648 m) con los solares siete (7) y ocho (8) del plano y por el OESTE, en veinte punto seiscientos noventa y cuatro metros (20.694 m)con propiedad de Juan Martínez García.
>
>Property #12740, recorded at page 197 of volume 338 of Juncos. Second Section, Registry of Property of Caguas.

Docket No. 31-6.

Plaintiff Roosevelt is now the owner and holder of the mortgage note in the amount of $114,666.00 that had originally been issued to the order of Doral Bank. Roosevelt notified defendants of the transfer of the loan and the mortgage note. *See* Docket No. 31-2.

Defendants did not comply with the terms and conditions of the loan, for which reason Roosevelt filed this action on March 20, 2015. Prior to filing the action, Roosevelt sent a Default Notice to Defendants. *See* Docket No. 31-3.

As of January 8, 2016, Defendants owed $116,195.20 in principal, plus accrued interest in at the annual interest rate of 7.125%, accrued late charges in the amount of $1,513.02 and attorney's fees and legal costs in the amount of $11,466.00, for a total of $129, 174.22. Docket No. 31-4.

**II. Legal Standard**

Fed. R. Civ. P. 56(c)(2) provides for summary disposition of an action if the moving party shows that there is no genuine issue as to any material fact and the undisputed facts show that the party is entitled to judgment as a matter of law. The moving party has the burden of identifying the portions of the pleadings, depositions, and other documents, that demonstrate the absence of any genuine issue of material fact. *Borges ex re. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010). If the motion is unopposed, the court may take as uncontroverted the evidence presented with the motion, but must still conduct an analysis in accordance with Fed. R. Civ. 56. *See Pérez-Cordero v. Wal-Mart Puerto Rico*, 440 F.3d 531, 533-34 (1st Cir. 2006) and *Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19. 25 (1st Cir. 2006)(quoting *Mullen v. St. Paul Fire and Marine Ins. Co.*, 972 F.2d 446, 452 (1st Cir. 1992)("the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate.")

**III. Analysis**

Because this is a diversity action, Puerto Rico law controls. Under Puerto Rico law, "obligations arising from contracts

have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 30, § 2994. Furthermore, mortgages are governed by the Civil Code and the Mortgage Law of Puerto Rico. *See* P.R. Laws Ann. tit. 31, §§ 5001-5006 and P.R. Laws Ann. tit. 30 § 2551 *et seq*. In a collection of monies and foreclosure of mortgage action, such as this one, the plaintiff must show that defendants have an outstanding obligation that has not been paid, and that the property in question secures that debt. *Chicago Title Ins. Co. v. Sotomayor*, 394 F.Supp.2d 452, 460-61 (D.P.R. 2005).

After reviewing plaintiff's pleadings and accompanying documentation, it is undisputed that defendants have failed to fulfill their payment obligations under the mortgage note. In such situations, a mortgage creditor may seek foreclosure of the property that secures the debt. *Treco, Inc. V. Marina de Palmas, Inc.*, 626 F.Supp.335, 342 (D.P.R. 1986)(citing P.R. Laws Ann. tit. 30, § 2701 and tit. 31, § 3061)("Having a mortgage debtor defaulted on the payment of any accrued payment of principal or interests the mortgage creditor may seek foreclosure.")

### IV. Conclusion

For the reasons stated, Roosevelt's motion for summary judgment in granted, and judgment will be entered against defendants in the amount of $129,174.22, as of January 8, 2016, plus the interest accrued at the contracted rate.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25th day of August, 2016.

S/ SILVIA CARREÑO-COLL
UNITED STATES MAGISTRATE JUDGE